UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PEACE ELLUVASUN ALLAH CUSH-EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-00656-RWS |
| | ) | |
| STATE OF MISSOURI INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Peace Elluvasun Allah Cush-El's post-dismissal motion for leave to file an amended complaint. (Docket No. 9). For the following reasons, the motion will be denied.

Following dismissal, the right to amend a complaint under Fed. R. Civ. P. 15(a) terminates. *See Humphreys v. Roche Biomedical Laboratories, Inc.*, 990 F.2d 1078, 1082 (8th Cir. 1993). Leave to amend may still be granted in the Court's discretion. *Id*. Following dismissal, however, a plaintiff does not enjoy the absolute or automatic right to amend a deficient complaint. *See United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009). In other words, "interests of finality dictate that leave to amend should be less freely available after a final order has been entered." *Id*. at 823. *See also In re Medtronic, Inc., Sprint Fidelis Leads Products Liability Litigation*, 623 F.3d 1200, 1208 (8th Cir. 2010) ("Post-dismissal motions to amend are disfavored").

In this case, plaintiff filed a prisoner civil rights action against the State of Missouri, Governor Mike Parson, Missouri Attorney General Eric Schmitt, former United States Attorney General William Barr, Prosecutor Wesley Bell, New York Stock Exchange CEO Stacey

Cunningham, and UMB Bank Financial Corporation CEO John Mariner Kemper as defendants. Because plaintiff was proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, the Court determined that plaintiff's claim against the State of Missouri was barred by sovereign immunity. With regard to the individual defendants, the Court determined that plaintiff had failed to state a claim. Furthermore, the Court found that plaintiff's claims against the individual defendants were frivolous, as they were based on his belief that his state court criminal proceeding was governed by the Uniform Commercial Code. Thus, in the Court's discretion, plaintiff will not be granted leave to amend, and his motion will be denied.

In addition, the Court notes that plaintiff's motion to amend does not include a proposed amended complaint, which he is required to submit. *See Clayton v. White Hall School Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) (explaining "that in order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion"). For this reason as well, the Court will deny his motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's post-dismissal motion for leave to file an amended complaint (Docket No. 9) is **DENIED**.

Dated this 12th day of September, 2022.

                                                RODNEY W. SIPPEL
                                                UNITED STATES DISTRICT JUDGE